**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CLAUDE SAINTELIAS,**

**Plaintiff,**

**v.** **Case No.: 8:25-cv-1677-MSS-LSG**

**SECRETARY, DEPARTMENT OF HOMELAND SECURITY, and DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION SERVICES.**

**Defendants.**
______________________________________/

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendants Secretary, Department of Homeland Security and Director, U.S. Citizenship & Immigration Services ("Defendants") Motion to Dismiss, (Dkt. 5), and Plaintiff Claude Saintelias' ("Plaintiff") Response in Opposition. (Dkt. 9) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court finds Defendants' Motion is due to be **GRANTED**.

## I. BACKGROUND

Plaintiff filed this action on June 29, 2025 against the Secretary of the Department of Homeland Security ("DHS") and the Acting Director of U.S.

Citizenship and Immigration Services ("USCIS").[1] (Dkt. 1) Plaintiff states he is a native and citizen of Haiti who filed a Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485") on February 4, 2022. (Id. ¶ 15) Subsequently, Defendants denied Plaintiff's Form I-485 on or about June 1, 2023. (Id. ¶ 16) According to Defendants, Plaintiff's request was denied because he was subject to an outstanding order of removal and those proceedings remained before the Executive Office of Immigration Review. (Id.) On January 15, 2025, Plaintiff's order of removal was dismissed by an immigration judge and Plaintiff informed USCIS of this dismissal on February 17, 2025. (Id. ¶¶ 17-19) When informing USCIS that the order of removal was dismissed, Plaintiff also requested that it place the Form I-485 back in the active queue. (Id. ¶ 19) USCIS never responded to Plaintiff. (Id. ¶ 20) Thus, Plaintiff filed this suit requesting the Court review the denial of his Form I-485 and require USCIS to adjudicate the request within a reasonable time.

In response to Plaintiff's Complaint, Defendants filed the instant Motion to Dismiss alleging the Court lacks subject matter jurisdiction over this action. (Dkt. 5) Plaintiff filed a Response in Opposition. (Dkt. 9) This cause is now ripe for the Court's review.

[1] In June 2025, the Secretary of DHS was Kristi Noem. As of March 31, 2026, the Secretary of DHS is Markwayne Mullin. In June 2025, the Acting Director of USCIS was Angelica Alfonso-Royals, but today it is Joseph B. Edlow.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). "Facial attacks" on the complaint require the Court to examine the four corners of the complaint to determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Factual attacks," on the other hand, permit the Court to look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Rule 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999) (citing Lawrence, 919 F.2d at 1529). Because Defendants are asserting a facial attack to subject matter jurisdiction, (Dkt. 5), the Court will accept Plaintiff's well-pleaded allegations in the Complaint as true and construe them in the light most favorable to Plaintiff. Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1335-36 (11th Cir. 2013).

## III. DISCUSSION

Defendants assert the Court should dismiss this case for lack of subject matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)(i). The statute states that "[n]otwithstanding any other provision of law (statutory or nonstatutory), . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255." 8 U.S.C. § 1252(a)(2)(B)(i).[2] The Supreme Court has read § 1252 to encompass the granting of relief and "any judgment *relating to* the granting of relief," Patel v. Garland, 596 U.S. 328, 339 (2022) (emphasis in original), noting that "Congress has sharply circumscribed judicial review of th[is] discretionary-relief process." Id. at 332. The only exception to this rule is found in § 1252(a)(2)(D) which allows judicial review of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals."

Plaintiff alleges that the Court still has subject matter jurisdiction under the APA, (Dkt. 1 ¶ 4), and, alternatively, requests a writ of mandamus. (Id. ¶ 25) However, "neither the APA nor the court's mandamus power confers subject matter jurisdiction when the jurisdiction-stripping provisions of the Immigration and Nationality Act (INA) apply." Faqedah v. Noem, No. 6:25-cv-455-JSS-NWH, 2026 WL 482414, at *2 (M.D. Fla. Feb. 20, 2026) (Sneed, J.) (citing Mata v. Sec'y of Dep't of Homeland Sec., 426 F. App'x 698, 699 (11th Cir. 2011) ("APA, mandamus, and declaratory

---

[2] 8 U.S.C. § 1255(a) governs adjustment-of-status requests like Plaintiff's Form I-485 application.

jurisdiction are precluded by the jurisdiction-stripping provisions of the [INA.]")).

Plaintiff also asserts that the Court has jurisdiction under the caselaw established in Haitian Refugee Center v. Smith, 676 F.2d 1023 (5th Cir. 1982),[3] Tefel v. Reno, 180 F.3d 1286 (11th Cir. 1999), and Scheerer v. U.S. Att'y Gen., 513 F.3d 1244 (11th Cir. 2008). As a panel of the Eleventh Circuit aptly stated, "[t]he Smith and Tefel claims were 'unique[ ]' because [] they did not challenge specific results of discrete immigration proceedings or seek relief that would've entitled the plaintiffs to a certain result in those proceedings." Commandant v. Dist. Dir., Miami Dist. (S24), USCIS, No. 21-10372, 2024 WL 3565390, at *4 (11th Cir. July 29, 2024);[4] see also Tefel, 180 F.3d at 1297 ("Plaintiffs do not challenge the specific result in any single case and do not argue that any of the individual Plaintiffs would receive suspension of deportation if their applications received full consideration."); Smith, 676 F.2d at 1033 ("The distinction we draw is one between ... pass[ing] upon the merits of an individual deportation order and any action in the deportation proceeding ..., [and] the authority of a district court to wield its equitable powers when a wholesale, carefully

---

[3] Plaintiff later refers to this case as McNary in his Response. (Dkt. 9 at 13) The Court assumes Plaintiff is accidentally referring to McNary v. Haitian Refugee Center, Inc., 498 U.S. 479 (1991). Even if Plaintiff purposely cited McNary, the Court finds that McNary still would not change the Court's decision. Unlike here, in McNary, the plaintiffs asserted claims seeking "general collateral challenges beyond section 1160(e)(1)'s scope because those claims did not seek review on the merits of a denial of a particular application, did not seek a substantive declaration that the applicants were entitled to special agricultural worker status, and, if successful, would not have had the effect of establishing their entitlement to the status." Commandant v. Dist. Dir., Miami Dist. (S24), USCIS, No. 21-10372, 2024 WL 3565390, at *4 (11th Cir. July 29, 2024) (quoting McNary, 498 U.S. at 492-95) (citation modified).

[4] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

orchestrated, program of constitutional violations is alleged."). Similarly, Scheerer fails to persuade the Court that the jurisdictional bar in § 1252(a)(2)(B) does not apply. Scheerer petitioned the Eleventh Circuit for review of the Board of Immigration Appeals' ("BIA") decisions denying his motion to reopen removal proceedings and motion to reconsider. 513 F.3d at 1247. Scheerer's petition challenged the regulation, 8 C.F.R. § 1245.2(a)(1), that was the basis for the BIA's denials. Id. Thus, he was not requesting review of the denials, but rather, he was challenging the regulation on which the denials were based.

Unlike Scheerer, Smith, and Tefel, Plaintiff here requests that the Court "compel Defendants to adjudicate Plaintiff's Form I-485 within a reasonable period of time thereafter." (Dkt. 1 at 1) While Plaintiff seems to try to avoid this request in his Response to Defendants' Motion to Dismiss, his Complaint requests the Court require USCIS to reopen his Form I-485 and adjudicate the application in a "time deemed 'reasonable.'" (Id. at 6) Plaintiff is not challenging an unconstitutional policy or practice of USCIS in the abstract; instead, he is challenging a "specific result[] of [a] discrete proceeding[]." Commandant, 2024 WL 3565390, at *5.

Thus, as Plaintiff is requesting review of the denial of his Form I-485, and 8 U.S.C. § 1252(a)(2)(B) strips this Court of jurisdiction to review such challenges, the Court will GRANT Defendants' Motion. The Court lacks subject matter jurisdiction to consider Plaintiff's claim. See Hilaire v. Sec'y, Dep't of Homeland Sec., No. 6:24-cv-248-GAP-LHP, ECF No. 20, at 12 (M.D. Fla. Aug. 5, 2024) (Presnell, J.) ("Considering the myriad of persuasive authority regarding this issue, the Court . . .

concludes that it lacks jurisdiction over the Plaintiff's Complaint because § 1252(a)(2)(B)(i) strips it of jurisdiction to review any authoritative decision relating to the granting or denying of discretionary relief under § 1255—including USCIS's denial of Plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status." (citing Commandant, 2024 WL 3565390, at *2, and Patel, 596 U.S. at 345– 46)); Ibarra v. Swacina, 628 F.3d 1269, 1270 (11th Cir. 2010) ("The district court did not err in concluding [that] it lacked jurisdiction under the APA to review the denial of [the plaintiff]'s application for adjustment of status.").

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss, (Dkt. 5) is **GRANTED**.
2. This case is dismissed without prejudice because the Court lacks subject matter jurisdiction over this action.
3. The Clerk is **DIRECTED** to enter Judgment accordingly.

**DONE** and **ORDERED** in Tampa, Florida this 18th day of May 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of record
Any unrepresented party